# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 7853 | DATE | November 30, 2011 |
| CASE TITLE | In re IFC Credit Corporation | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Trustee's motion to dismiss the appeal [10-1] is granted.

■[ For further details see text below.]

00:00

## STATEMENT

    Appellant Rudolph Trebels filed this appeal from a September 16, 2011, order by the bankruptcy court which compelled the law firm of Monico, Pavich & Spivak to turn over certain documents to the Chapter 7 Trustee and made findings concerning attorney-client privilege and the work-product doctrine. The Trustee has filed an emergency motion to dismiss the appeal on the ground that the court lacks jurisdiction.

    Contrary to Trebels' position, the court agrees with the Trustee that the court lacks jurisdiction over the appeal. *In re Whirlpool Corp.*, 597 F.3d 858 (7th Cir. 2010) ("[R]ulings that allegedly infringe upon the attorney-client privilege are not appealable as collateral orders.") (*citing Mohawk Industries, Inc. v. Carpenter*, 130 S. Ct. 599, 609 (2009)). Trebels contends that *Mohawk* is inapplicable because the bankruptcy judge's order compelling disclosure of certain documents was directed at Monico, a non-party, which has no remedy at the end of the litigation and therefore, interlocutory review is appropriate. *See Perlman v. United States*, 247 U.S. 7 (1918). Again, however, the court agrees with the Trustee that *Mohawk* narrowed the landscape regarding who can pursue an interlocutory appeal of a discovery order. Although the order was directed at Monico, because Trebels, as a party to this litigation and the holder of the privilege, can avail himself of a post-judgment appeal to remedy the purported improper discovery order, *Perlman* is inapplicable and the court has no jurisdiction over this interlocutory appeal. *See Wilson v. O'Brien*, 621 F.3d 641, 643 (7th Cir. 2010) ("Only when the person who asserts a privilege is a non-litigant will an appeal from the final decision be inadequate."). *See also Holt-Orsted v. City of Dickson*, 641 F.3d 230 (6th Cir. 2011) (in case where district court rejected invocation of attorney-client privilege and ordered attorney to answer certain interrogatories, holding that "where the privilege holder is a party to the litigation with recourse in a post-judgment appeal, . . . *Perlman* no longer affords jurisdiction to hear [an] interlocutory appeal").

    In addition, the court notes that the appeal is also properly dismissed for want of prosecution given

**STATEMENT**

Trebels' failure, despite the court's warning, to timely file his appeal brief pursuant to Fed. R. Bankr. P. 8009. *See* Dkt. #3 ("If the appellant fails to file a timely brief, this appeal will be dismissed for want of prosecution . . . .").

Finally, despite the bankruptcy judge's statement that, due to the filing of the appeal, the parties had to seek from this court an order compelling disclosure, the bankruptcy judge is not divested of jurisdiction over the subject matter of the instant appeal because Trebels never sought a stay pending appeal. *U.S. Commodity Futures Trading Com'n v. Lake Shore Asset Management Ltd.*, 2007 WL 2892642, at *3 (N. D. Ill. Sep. 27, 2007) ("[A]n interlocutory [order] that is not stayed pending resolution of the appeal does not divest this court of jurisdiction.") (citation omitted). *See also Matter of Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1298 n.3 (7th Cir. 1997) ("As is procedurally required under Bankruptcy Rule 8005, a motion to stay a bankruptcy court's order must initially be brought before the bankruptcy court. Following that court's denial, the movant may renew the stay motion in the district court.") (citation omitted). Not only did he not seek a stay initially from the bankruptcy court, but his request to this court for a stay was contained in his response to the motion to dismiss the appeal and was not made by motion pursuant to Bankruptcy Rule 8005.

Accordingly, the Trustee's motion to dismiss the appeal is granted.